IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH CATHCART,** *Plaintiff* <br><br> v. <br><br> **JOHN MICALE, et al.** *Defendants* | Case No. 2:19-cv-01852-JDW |

## MEMORANDUM

Defendant USI Insurance Services LLC ("USC") seeks dismissal of each of the three claims asserted against it by Plaintiff Joseph Cathcart. Because Cathcart fails to state a claim against USI, the Court will grant USI's Motion to Dismiss.

## I. FACTUAL BACKGROUND

Cathcart worked for USI as a Practice Leader in USI's King of Prussia office. (ECF No. 4 ¶ 21.) In June 2018, Defendant John Micale took over as Cathcart's supervisor. (*Id.* ¶ 23.) Over the next five months, Micale criticized Cathcart's job performance, chided Cathcart for perceived mistakes, and make loud pejorative comments to aggravate, annoy, and intimidate Cathcart. (*Id.* ¶ 24.) The friction between the two men came to a head on November 14, 2018, during a USI leadership conference. (*Id.* ¶ 26.)

Cathcart and five other USI leaders were sitting in the lounge at the hotel at which they were staying during the conference. (*Id.* ¶ 27.) Unprovoked, Micale approached the group and began to "yell and hurl insults" at Cathcart for five-to-ten minutes. (*Id.* ¶ 28.) Humiliated and fearful of Micale, Cathcart retreated to his hotel room. (*Id.* ¶ 29.) The next day, Micale tendered an insincere apology to Cathcart and continued to threaten Cathcart's employment with USI. (*Id.* ¶ 31.) Cathcart feared for his continued employment with USI. (*Id.* ¶ 32.)

On November 16, 2018, Cathcart submitted a written complaint to USI's Head of Human Resources. (*Id.* ¶ 33.) Eileen Webb, a member of the Human Resources Department, investigated Cathcart's complaint. (*Id.* ¶¶ 34-36.) Ms. Webb determined that Cathcart's complaint against Micale was well-founded, and USI issued a warning to Micale. (*Id.* ¶¶ 37, 39.) In addition, Ms. Webb assured Cathcart that his "employment and [his] future with the Company would not be affected by this complaint or the remedial action taken by the Company." (*Id.* ¶ 40.)

On February 22, 2019, USI informed Cathcart that it was eliminating his position and would terminate him, effective March 31, 2019. (*Id.* ¶ 43.) Cathcart contends that "[t]he sole reason USI terminated [his] employment was in retaliation and reprisal for his ongoing complaints against defendant Micale." (*Id.* ¶ 47.) As a result of his termination, Cathcart alleges he has suffered lost wages and diminished earning capacity, *inter alia*. (*Id.* ¶¶ 50-51.)

Cathcart filed a complaint against Micale and USI on April 29, 2019. (ECF No. 1.) On May 10, 2019, he filed an Amended Complaint, which is the operative pleading. (ECF No. 4.) In Count I, Cathcart brings an assault claim against Micale. In Counts II, III, and IV, Cathcart brings claims against USI for negligent misrepresentation, promissory estoppel, and breach of unilateral contract, respectively. On July 2, 2019, USI moved to dismiss each of these three claims. (ECF No. 10.) Cathcart responded to the motion (ECF No. 14), which is ripe for disposition.

## II. LEGAL STANDARD

A district court may dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand only a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face." *Id.* (same). A claim has facial plausibility when the complaint contains factual allegations that permit the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (same). In doing so, the court must "draw on its judicial experience and common sense." *Id.* (same). Under the governing "pleading regime[,]" a court confronted with a 12(b)(6) motion must take three steps. First, it must identify the elements needed to set forth a particular claim. *Id.* at 878 (same). Second, the should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *Id.* (same). Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id.* (same). The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* at 790 (citations omitted).

## III. ANALYSIS

### A. Cathcart Has Not Stated A Claim For Breach Of Unilateral Contract

A contract exists where there is an offer, acceptance, and consideration. *See Gardiner v. Virgin Islands Water & Power Auth.*, 145 F.3d 635, 644 (3d Cir. 1998); *see also Kendall v. OneBeacon Am.*, No. 06-cv-1895, 2007 WL 1031249, at *3 (E.D. Pa. Mar. 30, 2007) (setting forth elements of unilateral contract). Here, Cathcart asserts that Webb's promise to him that USI would not terminate him in retaliation for his complaints against Micale created a unilateral contract. Even assuming that Webb's statement constitutes an offer and Cathcart's continued employment constitutes acceptance, Cathcart has not alleged facts to establish any consideration.

In his Opposition, Cathcart argues that his continued employment constitutes such consideration. However, to defeat the at-will presumption, Cathcart must demonstrate "that he gave his employer additional consideration other than the services for which he was hired."

3

*Donahue v. Fed. Exp. Corp.*, 753 A.2d 238, 245 (Pa. Super. Ct. 2000) (quotation omitted). Additional consideration exists "when an employee affords his employer a substantial benefit ... or when the employee undergoes a substantial hardship ... ." *Id.* (same). Cathcart has not pled either.

First, he does not allege that he provided a substantial benefit to USI other than the services for which he was hired. Instead, he says that he "continued his employment" with USI. (ECF No. 4 ¶¶ 8, 61.) As a matter of Pennsylvania law, continuing employment is not sufficient additional consideration for purposes of rebutting the presumption of at-will employment. *See Donahue*, 753 A.2d at 245 ("[P]erforming well on the job does not generally confer a substantial benefit on his employer beyond that which the employee is paid to do."). Second, Cathcart does not allege that he underwent a substantial hardship to continue working at USI. This stands in stark contrast to the cases he cites, in which the plaintiffs undertook substantial hardships based on a promise of new job opportunities. *See, e.g., Demoinerie v. Emball'Iso, Inc.*, No. 1238 EDA 2018, 2019 WL 2121394, at *6 (Pa. Super. Ct. May 14, 2019) (plaintiff resigned from his job in China and moved to the United States on a visa with restrictive job requirements based on new employer's offer to employ him for an extended period of time); *Jones v. Flaster/Greenberg P.C.*, No. 13-cv-2771, 2013 WL 6846916, at *7 (E.D. Pa. Dec. 30, 2013) (finding substantial hardship where plaintiff "closed her successful law practice and moved 765 miles across the country to Philadelphia, where she had no friends or family and was not admitted to the bar"). In other cases, the plaintiffs alleged that their former employers breached unilateral or implied contracts for incidental employment benefits, rather than an agreement actually to employ the plaintiffs. *See, e.g., Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 943 (Pa. Super. Ct. 2011), *aff'd*, 106 A.3d 656 (Pa. 2014) ("Appellees claimed that Wal–Mart deprived the class of unpaid, thirty-minute meal-periods and paid, fifteen-

minute rest-breaks pursuant to Wal–Mart's PD–07 policy and required its employees to work off the clock without compensation[.]"); *Bauer v. Pottsville Area Emergency Med. Servs., Inc.*, 758 A.2d 1265, 1270 (Pa. Super. Ct. 2000) (employee could maintain breach of contract claim based on employer's failure to honor policy in handbook that entitled employees who worked a minimum number of hours during a specific time period to be treated as full-time employees with attendant benefits); *Caucci v. Prison Health Servs., Inc.*, 153 F. Supp. 2d 605, 610 (E.D. Pa. 2001) (plaintiff's breach of contract claim sought payment of time-and-a-half for overtime and wages during meal breaks during which plaintiff remained on duty based on provision in employee handbook); *Pilkington v. CGU Ins. Co.*, No. 00-cv-2495, 2000 WL 33159253, at *6 (E.D. Pa. Feb. 9, 2001) ("Plaintiff's breach of contract claim is predicated on the denial of the accrued bonus monies."); *Browne v. Maxfield*, 663 F. Supp. 1193, 1201 (E.D. Pa. 1987) (finding that breach of contract claim survived summary judgment where alleged breach was failure to provide severance pay, as opposed to termination of employment).

Contrary to Cathcart's assertions, Webb's promise that USI would not retaliate against him was not "incidental or collateral" to Cathcart's at-will employment. Unlike the cases he relies on, in which the alleged breaches were failures to provide incidental employment benefits, Cathcart alleges that his termination, itself, was a breach. This case is therefore more akin to *Donahue*, where the Court held that the plaintiff could not "as a matter of law maintain an action for breach of the implied duty of good faith and fair dealing, insofar as the underlying claim is for termination of an at-will employment relationship." 753 A.2d at 243. Thus, the Court will dismiss Cathcart's claim for breach of unilateral contract.

## B. Cathcart Has Not Stated A Claim For Promissory Estoppel

Cathcart's promissory estoppel claim also fails in light of his at-will employment status. "The doctrine of equitable estoppel is not an exception to the employment at-will doctrine. An employee may be discharged with our [sic] without cause, and our law does not prohibit firing an employee for relying on an employer's promise." *Paul v. Lankenau Hosp.*, 569 A.2d 346, 348 (Pa. 1990). Cathcart ignores the Pennsylvania Supreme Court's pronouncement and proffers no convincing reason why the Court should decline to follow numerous decisions finding that *Paul* bars promissory estoppel claims against former employers where the employment relationship was at-will. *See, e.g.*, *Yellovich*, 2014 WL 6676494, at *5 (E.D. Pa. Nov. 24, 2014) ("Under Pennsylvania law, an employee may not invoke promissory estoppel against an employer for termination of an at-will employment relationship."); *Smith-Cook v. Nat'l R.R. Passenger Corp. (AMTRAK)*, No. 05-cv-880, 2005 WL 3021101, at *12 (E.D. Pa. Nov. 10, 2005) ("Pennsylvania does not recognize a cause of action for promissory estoppel as an exception to the employment-at-will doctrine."); *Walden v. Saint Gobain Corp.*, 323 F. Supp.2d 637, 646 (E.D. Pa. 2004) ("It is firmly established that Pennsylvania courts do not recognize a cause of action for promissory estoppel in the context of at-will employment."); *Robinson v. Red Rose Commc'ns, Inc.*, No. 97-cv-6497, 1998 WL 221028, at *5 (E.D. Pa. May 5, 1998) ("[C]ase law does not recognize promissory estoppel as an exception to employment at-will in Pennsylvania."); *Mercante v. Preston Trucking Co.*, No. 96-cv-5904, 1997 WL 288614, at *4 (E.D. Pa. May 21, 1997) ("The Supreme Court of Pennsylvania has held that an at-will employee does not have a claim for promissory or equitable estoppel based upon alleged reliance on an employer's promise."); *Brethwaite v. Cincinnati Milacron Mktg. Co.*, No. 94-cv-3621, 1995 WL 232519, at *5 (E.D. Pa. Apr. 19, 1995) (same).

Instead, Cathcart relies on *Sullivan v. Chartwell Inv. Partners, LP*, 873 A.2d 710, 716 (Pa. Super. Ct. 2005) and *Jones*, both of which are inapposite. Cathcart cites *Sullivan* for the proposition that a plaintiff's status as an at-will employee is irrelevant to assessing promissory estoppel and other implied contract claims. (ECF No. 14-1 at 12.) In *Sullivan*, the Superior Court reversed the trial court's decision that because the plaintiff was an at-will employee, he could not establish a breach of contract claim against his employer for unpaid compensation. *Sullivan*, 873 A.2d at 716. In doing so, the Court reasoned that the plaintiff's "status as an at-will employee is irrelevant to whether a contract existed to provide compensation during the term of his employment." *Id.* This statement does not mean that every plaintiff's status as an at-will employee is irrelevant for purposes of determining whether the plaintiff has stated a claim for promissory estoppel. Instead, this statement stands for the unremarkable position that "[w]hile an employer may permissibly discharge an at-will employee at any time with or without cause, the doctrine does not relieve an employer of its contractual obligation to provide the compensation promised in return for an employee's services." *Braun*, 24 A.3d at 942.

Likewise, *Jones* does not save Cathcart's promissory estoppel claim. There, the court permitted a promissory estoppel claim to proceed, having already determined that the plaintiff stated a plausible claim for breach of an implied contract of employment. *Jones*, 2013 WL 6846916 at *6. In doing so, the court found that the plaintiff's allegations of substantial hardship were sufficient to overcome the presumption that she was an at-will employee and created an implied-in-fact employment contract. *Id.* at *5. Indeed, in order to accept the defendant's job offer, the plaintiff in *Jones* "closed her successful law practice and moved 765 miles across the country to Philadelphia, where she had no friends or family and was not admitted to the bar." *Id.* Again, Cathcart has not alleged any facts demonstrating that he undertook a similar substantial

hardship or other additional consideration sufficient to overcome the presumption that his employment with USI was at-will. Thus, the Court will dismiss his promissory estoppel claim.

## C. Cathcart Has Not Stated A Claim For Negligent Misrepresentation

Cathcart's negligent misrepresentation claim fails for similar reasons. In order to state a claim for negligent misrepresentation, Cathcart must allege "(1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation." *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270, 277 (Pa. 2005) (quotation omitted). Cathcart has failed to plead at least two of the necessary elements—a misrepresentation of a material fact and justifiable reliance.

First, Cathcart cannot maintain his negligent misrepresentation claim against USI based upon the alleged promise from Webb that USI would not terminate him in retaliation for making a complaint against Micale. "Claims for negligent misrepresentation must be based on misrepresentations regarding present facts, not unfulfilled promises to do acts in the future." *Jones*, 2013 WL 6846916 at *7 (citations omitted); *see also Bennett v. Itochu Int'l, Inc.*, 682 F. Supp. 2d 469, 480 (E.D. Pa. 2010). Thus, a claim for "negligent misrepresentation cannot be based on a false promise." *Yellovich v. Ahold USA*, No. 14-cv-4665, 2014 WL 6676494, at *3 (E.D. Pa. Nov. 24, 2014) (citation omitted). Cathcart fails to address this argument from USI's Motion to Dismiss. Because USI's promise not to retaliate against Cathcart was a promise relating to future conduct, rather than a statement about a present material fact, Cathcart has failed to plead the first element of a negligent misrepresentation claim. *See Yellovich*, 2014 WL 6676494 at *3; *Jones*, 2013 WL 6846916 at *8; *Bennett*, 682 F. Supp. 2d at 481.

Second, Cathcart's negligent misrepresentation claim against USI fails for the same reason he cannot maintain his promissory estoppel claim, "as it is simply another attempt to convert an employment-at-will relationship into something else." *Brethwaite*, 1995 WL 232519 at *5. Indeed, Pennsylvania law "does not prohibit firing an employee for relying on an employer's promise." *Paul*, 569 A.2d at 348. "Since a claim of negligent misrepresentation requires that a plaintiff have justifiably relied on the alleged misrepresentation, and an employer's promise is not something which an employee can justifiably rely upon when the employment relationship is at will, this claim must fail." *Brethwaite*, 1995 WL 232519 at *5. Again, Cathcart fails to address this argument from USI's Motion to Dismiss and does not make any attempt to argue why *Paul* should not apply. Because Cathcart has failed to plead an actionable misrepresentation and his justifiable reliance thereon, the Court will dismiss his negligent misrepresentation claim as well.

## IV. CONCLUSION

Cathcart's status as an at-will employee dooms his claims against USI. Therefore, the Court will dismiss Counts II, III, and IV of the Amended Complaint. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

Dated: August 28, 2019