# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**JOSEPH CATHCART,**
*Plaintiff*

v.

**JOHN MICALE, et al.**
*Defendants*

Case No. 2:19-cv-01852-JDW

## MEMORANDUM

In this Motion for Reconsideration or, Alternatively, for Certification of Interlocutory Appeal, Plaintiff Joseph Cathcart argues that the Court's Memorandum and Order dated August 28, 2019 (ECF Nos. 20, 21) contain clear error of law that require correction. Plaintiff's Motion does not satisfy the heavy burden of demonstrating that reconsideration or an interlocutory appeal is appropriate here. The Court will therefore deny the Motion.

### A. Reconsideration

"The scope of a motion for reconsideration . . . is extremely limited," *Blystone v. Horn*, 664, F.3d 397, 415 (3d Cir. 2011), and its purpose "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Motions for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008); *see also Blystone*, 664 F.3d at 415 ("Such motions are not to be used as an opportunity to relitigate the case."). Indeed, it is "improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through—rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D.Pa. 1993) (citations and internal quotes omitted).

Here, although Cathcart argues that the Court committed a clear error of law, he makes no such showing. Instead, his Motion merely regurgitates the same arguments that he made in response to the original motion. That is, Cathcart's Motion reflects his continued disagreement with the Court's interpretation of the law. While Cathcart characterizes the law as "well-settled," the fact is that the Court reviewed the cases that Cathcart cited originally and that he cites again. The Court has concluded that Cathcart's interpretation of those cases is incorrect, and Cathcart has done nothing to demonstrate that the Court's conclusion is wrong. Reconsideration is therefore incorrect.

### B. Interlocutory Appeal

Pursuant to 28 U.S.C. § 1292(b), a court may certify an order for interlocutory appeal when (1) the order involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. "Congress intended that section 1292(b) should be sparingly applied." *Milbert v. Bison Labs., Inc.*, 260 F.2d 431, 433 (3d Cir. 1958). Cathcart has not satisfied his burden as to any of the statutory factors.

A question that "appears to be a controlling question of law" but nevertheless presents a question "about a court's application of the facts of the case to the established legal standards are not controlling questions of law for purposes of section 1292(b)." *Kao v. CardConnect Corp.*, Civ. A. No. 16-5707, 2019 WL 2615720, at * 4 (E.D.Pa. June 26, 2019) (quote omitted). Here, as Cathcart's Motion makes clear, his disagreement is with the Court's application of various legal precedents to the facts that he has alleged. That is not the type of pure question of law that interlocutory appeals are intended to address.

In addition, there is a "substantial ground for difference of opinion" when the matter involves "one or more difficult and pivotal questions of law not settled by controlling authority." *Id.* (quoting *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984). A court "should not certify question of relatively clear law merely because the losing party disagrees with [its] analysis." *Id.* (quote omitted, alteration in original). Here, as discussed above, Cathcart makes plain that he disagrees with the Court's analysis, but he has not demonstrated any substantial ground for his disagreement. He just wishes for a different outcome.

Finally, Cathcart has not demonstrated that an interlocutory appeal would materially advance the litigation. The claims that the Court has dismissed against USI Insurance Services LLC ("USI") are discreet from the remaining claim in the case, both factually and legally. The overlap between the claims against USI and the remaining assault claim against the remaining defendant is minimal. Thus, Cathcart's arguments in his Motion about judicial efficiency do not satisfy his burden.

## CONCLUSION

Cathcart's Motion does not demonstrate a need for the extraordinary relief that he seeks. The Court has analyzed his claims, and it sees no substantial basis for Cathcart's arguments. Cathcart disagrees. At the end of the case, he can present his arguments to the Court of Appeals. Not now, though.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

Dated: September 18, 2019